JUDGE OETKEN

**22 CV 03790**

GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq. (BB 5830)
John Macaluso, Esq. (JM 2058)
650 Fifth Avenue
New York, New York 10019
(212) 688-5151

Attorneys for Plaintiff
CHANEL, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VARIOUS JOHN DOES, JANE DOES; and XYZ COMPANIES, <br><br> Defendants. | CIVIL CASE NO.: <br><br> FILED UNDER SEAL |

**TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; SUBSTIUTE CUSTODIAN ORDER; EXPEDITED DISCOVERY ORDER; AND ORDER TO SHOW CAUSE BRINGING ON MOTION FOR PRELIMINARY INJUNCTION**

Upon the Complaint herein and the exhibits annexed thereto, upon the moving declarations and the Memorandum submitted in support of this Motion, it is hereby:

ORDERED that Defendants show cause before this Court at ~~Courtroom ___, United States District Courthouse, 500 Pearl Street, New York, New York, on the~~ by telephone conference at 888-557-8511 (access 9300838) 20th code _ day of May, 2022 at 12:30 p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, should not be issued enjoining Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action:

1. From using Chanel's registered trademarks as shown on the following U.S. Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 – Women's Handbags |
| CHANEL | 0,955,074 | March 13, 1973 | IC 14 – Watches |
| 𝒞𝒞 | 1,314,511 | January 15, 1985 | IC 018 – Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| 𝒞𝒞 | 1,501,898 | August 30, 1988 | IC 06 – Keychains |
| CHANEL | 1,510,757 | November 1, 1988 | IC 09 – Sun-glasses |
| CHANEL | 1,571,787 | December 19, 1989 | IC 14 – Watches and clocks |
| CHANEL | 1,647,875 | June 18, 1991 | IC 06 - Keychains |
| 𝒞𝒞 | 1,654,252 | August 20, 1991 | IC 09 – Sunglasses |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit |

2

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
|  |  |  | Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| ℂℂ | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| ℂ | 3,025,934 | December 13, 2005 | IC 18 – Handbags |
| ℂℂ | 3,025,936 | December 13, 2005 | IC 09 – Mobile phone straps, Eyeglass frames, sunglasses |
| CHANEL | 3,133,139 | August 22, 2006 | IC 14 – Jewelry and watches |
| CHANEL | 3,890,159 | December 14, 2010 | IC 09 – Cases for telephones<br><br>IC 18 – Key cases |
| ℂℂ | 4,074,269 | December 20, 2011 | IC 09 – Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones<br><br>IC 018 – Key cases |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 4,237,249 | November 6, 2012 | IC 09 – Protective covers and cases for portable media players, portable electronic devices, handheld digital devices, personal computers and cell phones |
| CHANEL | 4,505,430 | April 1, 2014 | IC 09 – Cellular phone accessory charms |
| (CC logo) | 4,505,440 | April 1, 2014 | IC 09 – Cellular phone accessory charms |
| COCO CHANEL | 4,772,518 | July 14, 2015 | IC 06 – Metal key chains<br><br>IC 14 – Jewelery<br><br>IC 18 – Handbags |
| (CC logo) | 1,241,264 | June 7, 1983 | (Int'l Class: 25) suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| (CC logo) | 1,271,876 | March 27, 1984 | (Int'l Class: 25) clothing-namely, coats, dresses, blouses, raincoats, suits, skirts, cardigans, sweaters, pants, jackets, blazers, and shoes |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 1,241,265 | June 7, 1983 | (Int'l Class: 25) suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, coats, raincoats, scarves, shoes and boots |
| CC (logo) | 4,241,822 | November 13, 2012 | (Int'l Class: 25) clothing, namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |
| BLEU DE CHANEL | 3,874,204 | November 9, 2010 | IC 03 - Perfumery |
| N°5 | 1,171,888 | October 6, 1981 | IC 03 - Perfume, Spray Perfume, Toilet Water, [ Cologne, Spray Cologne, Bath Powder, Bath Oil, ] [ After Bath Spray, Milk Bath, ] Body Lotion, Perfumed Body Cream, Toilet Soap |
| COCO | 1,612,557 | September 11, 1980 | IC 03 - PARFUM, EAU DE TOILETTE, BATH GEL, POWDER, BODY LOTION AND BATH SOAP. |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| COCO | 848,755 | May 7, 1968 | IC 03 – Perfume [and Cologne] |
| CHANEL | 195,360 | February 24, 1925 | IC 03 - FACE POWDER, PERFUME, EAU DE COLOGNE, TOILET WATER, LIP STICK, AND ROUGE. |
| CHANEL | 510,992 | June 14, 1949 | IC 03 - PERFUME, [ TOILET WATER, ] * EAU DE TOILETTE, * EAU DE COLOGNE, FACE POWDER, BATH POWDER,[ TALCUM POWDER,] LIPSTICKS [, AND LIP OIL, ]. |
| CHANEL | 1.348,842 | July 16, 1985 | IC 03 - FULL LINE OF PERFUMERY, COSMETICS AND TOILETRIES. |
| (COCO CHANEL logo) | 1,368,563 | November 5, 1985 | IC 03 - Perfume |
| ALLURE HOMME | 2,370,933 | July 25, 2000 | IC 03 - Fragrances and toiletries, namely eau de toilette, after shave, skin moisturizer, personal deodorant, [ toilette soap ] and shower gel for |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| | | | cleaning hair and body. |
| (CC logo) | 0,195,359 | February 24, 1925 | IC 03 – Face powder, perfume, eau de cologne, toilet water, lipstick, and rouge. |
| CHANCE | 2,003,332 | September 24, 1996 | IC 03 - Perfume, eau de parfum, eau de toilette, [foam bath gel,] body lotion, body cream, shower gel, [body powder, toilette soap and body deodorant] |
| CHANEL N°5 | 701,978 | July 26, 1960 | IC 03, 05 - Perfume [Cologne,] [ Talcum Powder, ][ and Bath Powder ] |
| COCO MADEMOISELLE | 2,557,185 | April 2, 2002 | IC 03 – Perfumery and cosmetics products, namely eau de parfum and skin moisturizers. |
| (bottle image) | 5,848,275 | September 3, 2019 | IC 03 - Fragrances |
| (bottle image) | 1,687,481 | September 3, 2019 | IC 03 - Fragrances |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| (perfume bottle image) | 2,382,784 | September 5, 2020 | IC – Perfume, eau de parfum |
| EGOÏSTE | 1,782,330 | July 20, 1993 | IC – eau de toilette, [cologne] |
| GABRIELLE CHANEL | 5,009,591 | July 26, 2016 | IC - Perfumery |

(hereinafter collectively referred to as the "Plaintiff's Registered Trademarks");

2. From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods including, but not limited to, handbags, fragrances, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiff's Registered Trademarks;

3. From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with the Plaintiff;

4. From infringing Plaintiff's Registered Trademarks;

5. From otherwise unfairly competing with Plaintiff;

6. From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff;

8

7. From using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, but not limited to, handbags, fragrances, logos, decals, emblems, signs, and other forms of markings any packaging, wrappers, pouches, containers and receptacles, and the like bearing a copy or colorable imitation of Plaintiff's Registered Trademarks;

8. From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce;

9. From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff; and

10. From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the Plaintiff's Registered Trademarks; and it is further

ORDERED that pending the hearing and determination of Plaintiffs' motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any matter, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Plaintiffs; and it is further

ORDERED that pending the hearing and determination of Plaintiff's motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Plaintiff; and it is further

ORDERED, that the United States Marshal for the Southern District of New York, the City of New York, Office of the Sheriff, New York City Police Department, or a local law enforcement officer having jurisdiction (hereinafter collectively referred to as "Law Enforcement"), assisted by one or more attorneys or agents of the Plaintiff (jointly or severally referred to as "Plaintiff's representatives"), is directed to seize and sequester or impound the following in the possession, custody or control of Defendants, at the locations listed in Para 3 (ii) below, where there is reasonable cause to believe that counterfeit Chanel merchandise is sold, offered for sale, distributed, assembled or manufactured or stored, including any vehicles in the possession, custody, or control of Defendants:

1. All merchandise, including but not limited to handbags, fragrances, clothing and accessories bearing any copy or counterfeit of Plaintiff's Registered Trademarks or any markings substantially indistinguishable therefrom;

2. All labels, tags, logos, emblems, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the Plaintiff's Registered Trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and

3.  All books and records showing:

   i.  Defendants' manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

   ii.  Defendants' manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise; at the following locations:

1. 178B Hester New York, New York 10013
2. 224D Canal Street New York, New York 10013
3. 106-B Mulberry Street New York, New York 10013
4. 201 Canal Street New York, New York 10013
5. 117 Mulberry Street New York, New York 10013
6. 110B Mulberry Street (North) New York, New York 10013
7. 110A Mulberry Street (South) New York, New York 10013
8. 205 Canal Street (East) New York, New York 10013
9. 205 Canal Street (West) New York, New York 10013
10. 105 Mulberry Street New York, New York 10013

(including but not limited to any area within reasonable proximity to the locations identified above where there is reasonable cause to believe that counterfeits of Plaintiff's merchandise is sold, offered for sale, distributed, assembled, manufactured or stored, including any vehicles in the possession, custody, or control of Defendants); and it is further

11

ORDERED, that upon receipt of this Order, Law Enforcement is authorized and directed to take any and all necessary actions, including but not limited to, the use of reasonable force, and the right to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order. Law Enforcement is further authorized and directed to arrest from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in anyway with the execution of this Order; and it is further

ORDERED that Plaintiff provide in advance of each and every execution of this Order an advance deposit to Law Enforcement of any and all estimated fees and costs, as determined by Law Enforcement; and it is further

ORDERED that Plaintiff shall provide a person or persons capable of determining whether or not an item is covered by the preceding paragraphs, and Law Enforcement shall follow such person or persons' determination in the seizure; and it is further

ORDERED that Law Enforcement shall transfer possession of all such seized merchandise and materials to Plaintiff's representatives as substitute custodians for the Court, upon their authorized signature on behalf of Chanel on all proper receipts, pending further order of this Court; and it is further

ORDERED that Plaintiff's representatives shall promptly inspect the items seized, and if any items are found to be genuine products, such items are to be returned to Defendants within seven (7) business days of the date this Order is executed; and it is further

ORDERED that Defendants show cause before this Court on the date and place set forth on page one (1) herein, or as soon thereafter as counsel can be heard, why an order should not be

entered, pursuant to 15 U.S.C. § 1116(d)(l)(A), Fed. R. Civ. P. 65(b) and the common law of trademark, confirming the seizure authorized herein; and it is further

ORDERED that the search, seizure and sequestration and/or impoundment ordered hereinabove may be photographed and/or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent subsequent controversy concerning the events occurring during such search, seizure and sequestration and/or impoundment; and it is further

ORDERED that pursuant to 15 U.S.C. § 1116(d)(1)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiff be given expedited discovery of Defendants with respect to the seized merchandise bearing Plaintiff's trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action and that such discovery shall take place no later than one (1) day prior to the show cause hearings scheduled herein; and it is further

ORDERED that Plaintiff post a bond in the amount of $ *One* Thousand Dollars is deemed sufficient as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure and/or impoundment or wrongfully attempted seizure and/or impoundment; and it is further

ORDERED that personal service of the Summons and Complaint, this Order and the Supporting Declaration of Plaintiff's counsel may be made on Defendants by leaving copies of the same at the locations specified above or by hand-delivering a copy of the same to individuals at the locations specified above during the execution of this seizure order, and that such service shall be deemed sufficient service; and it is further

ORDERED that service of the documents referenced in the prior Paragraph shall be completed, either in accordance with the prior Paragraph or the Federal Rules of Civil Procedure, within one week of the date of this Order; and it is further

ORDERED that Plaintiffs may redact service copies of the Summons and Complaint, of this Order, and of Counsel's Declaration in support of this Order to remove information identifying any other Defendants, including but not limited to Defendants' addresses, to prevent premature disclosure of the locations identified in this Order and the papers filed in support of this Order; and it is further

ORDERED that copies of the documents filed in this action in support of this Order, but not served, be furnished to Defendants or their counsel upon request; and it is further

ORDERED that Defendants' answering papers, if any, be personally filed with this Court and personally served upon Plaintiff's counsel, Gibney, Anthony & Flaherty, LLP on or before one day prior to the show cause hearing scheduled herein; and it is further

ORDERED that upon each and every execution of this Order, Plaintiff's representatives shall prepare and sign, and Law Enforcement shall confirm and sign, an inventory of all items seized pursuant to this order, noting, *inter alia*, the date and location of each seizure and a brief description of all items seized, and that Law Enforcement file a return to this Court upon each and every execution of this Order with a copy of the pertinent above-described inventory signed by the Plaintiff's representatives and Law Enforcement; and it is further

ORDERED that the Plaintiff, on behalf of itself, its officers, employees, principals and assigns (hereinafter individually and collectively known as "Plaintiff's Group"), hereby release any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, arising from any and all known or unknown, foreseen or unforeseen causes, which they may have

or hereafter acquire against the Law Enforcement, whichever is involved in the execution of this Order, as well as its agencies, agents, officers, or employees, arising from the execution of this Order to the extent that the underlying acts or omissions were performed, precipitated, sanctioned or condoned by Plaintiff's Group; and it is further

ORDERED that Law Enforcement is not an agent of the Plaintiff when executing this Order, but is instead acting under the authority and at the direction of this Court. Accordingly, Plaintiff is not responsible for any acts performed by Law Enforcement without its knowledge, direction, consent or control that exceed the scope and/or intent of this Order; and it is further

ORDERED that, pursuant to 15 U.S.C. § 1116(d)(5)(C), any seizures authorized under this Order shall be made within seven (7) days of the date of entry or within seven (7) days of any amendment to this Order, and pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, all other relief authorized under this Order shall expire within fourteen (14) days of the date of the entry, unless before that time, the Court, for good cause, extends this period for an additional fourteen (14) days.

Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein may result in the confirmation of the seizure authorized herein and the immediate issuance of the preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the Order. Defendants are hereby further notified that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted the foregoing Orders without prior written or oral notice to Defendants for the reasons set forth below:

a. The entry of any order other than a seizure order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act and the common law of trademark infringement;

b. Plaintiff has not publicized its proposed seizure;

c. Plaintiff has given the United States Attorney for this District notice of Plaintiff's seizure application for a seizure order without notice pursuant to 15 U.S.C. § 1116( d)(2);

d. Plaintiff is likely to succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services;

e. Plaintiff will incur immediate and irreparable injury with no adequate remedy at law if this Court declines to grant a seizure and/or impoundment order without notice;

f. The matters subject to said seizure order will be located at: 178B Hester New York, New York 10013; 224D Canal Street New York, New York 10013; 106-B Mulberry Street New York, New York 10013; 201 Canal Street New York, New York 10013; 117 Mulberry Street New York, New York 10013; 110B Mulberry Street (North) New York, New York 10013; 110A Mulberry Street (South) New York, New York 10013; 205 Canal Street (East) New York, New York 10013; 205 Canal Street (West) New York, New York 10013; and 105 Mulberry Street New York, New York 10013.

g. The harm to Plaintiff should this Court decline to grant Plaintiff's motion for a seizure order without notice outweighs any harm which Defendants may incur in the event this Court grants Plaintiff's motion for a seizure and impoundment order;

16

h.  Defendants, or persons acting in concert with them, would likely destroy, move, hide or otherwise make inaccessible to the Court the matters which are subject to the proposed seizure orders if Plaintiff is required to proceed on notice.

Dated: ~~, 2022~~ May 10, 2022
New York, New York

_____
UNITED STATES DISTRICT JUDGE

ISSUED: 2:35 p.m

17